**E-Filed 5/21/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| TEODORICO ANGELES,<br><br>    Plaintiff,<br><br>    v.<br><br>MONUMENTAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case Number C 09-4119 JF<br><br>ORDER[1] GRANTING PLAINTIFF'S MOTION TO REMAND<br><br>[re: document no. 8] |

Plaintiff Teodorico Angeles ("Angeles") moves to remand the instant action to the Santa Clara Superior Court. The Court has considered the moving and responding papers as well as the oral arguments of counsel presented at the hearing on January 15, 2010. For the reasons discussed below, the motion will be granted.

Angeles filed this insurance bad faith action against Defendant Monumental Life Insurance Company ("Monumental") in the Santa Clara Superior Court on July 10, 2009. Angeles served Monumental with the summons and complaint on August 5, 2009. Monumental filed a notice of removal on September 4, 2009, asserting federal subject matter jurisdiction

---

[1] This disposition is not designated for publication in the official reports.

based upon diversity of citizenship.  The notice of removal states that Angeles is a citizen of the state of California, and that Monumental is incorporated under the laws of the state of Maryland and maintains its principal place of business outside of California.  Angeles does not dispute the timeliness of the removal or the fact that the parties are citizens of different states.  He asserts that remand is appropriate because the amount in controversy does not exceed $75,000.  *See* 28 U.S.C. § 1332(a) (providing for federal jurisdiction over diversity actions in which the amount in controversy exceeds $75,000).

Angeles alleges the following:  Monumental issued two life insurance policies to Angeles and his wife, Dominga Angeles ("Dominga").  Complt. ¶ 10.  The combined benefits under the policies totaled $175,000.  *Id*. at ¶ 11.  On March 25, 2007, Dominga died as a result of a car accident.  *Id*. at ¶ 18.  When Angeles's daughter called Monumental to make a claim on Angeles's behalf, she was told that Monumental would not pay any benefits under the policies.  *Id*. at ¶¶ 20-23.  Monumental failed to send Angeles a claim form so that he could file a claim for benefits under the policies.  *Id*. at ¶ 25.  Angeles then retained legal counsel on a contingency basis.  *Id*. at ¶ 29.  Counsel filed a claim with Monumental, seeking benefits under the policies; that claim was approved by Monumental.  *Id*. ¶¶ 30-32.  Because of his contingency fee agreement with counsel, Angeles had to pay counsel a total of $44,224.79 out of the policy benefits.  *Id*. at ¶ 33.  In claim one, Angeles alleges that these legal fees were incurred as a direct result of Monumental's breach of contract when it initially refused Angeles's claim and failed to send him a claim form.  *Id*. at ¶¶ 34-35.  Angeles also claims that he will owe counsel $17,697.92 for prosecuting the instant action in the event that Angeles recovers the full amount of $44,224.79.  *Id*. at ¶ 37.  In claim two, Angeles alleges that as a result of Monumental's bad faith conduct, he "suffered emotional distress and anxiety, plus financial distress, in an amount to be shown at trial." *Id*. at ¶ 48.  His prayer seeks economic damages according to proof; non-economic damages according to proof; exemplary damages; attorneys' fees and costs; interest; and such other relief as the Court may find appropriate.

The notice of removal asserts that because the complaint seeks not only the expressly stated amount of $61,922.70, but also tort damages and other damages arising from

Monumental's alleged bad faith conduct, the amount in controversy exceeds $75,000. The notice of removal also alleges that during a September 4, 2009 telephone call, Angeles's counsel, David Lilienstein, told Monumental's counsel, Henry Wang, that the amount in controversy exceeds $100,000 because, among other things, Monumental's mishandling of the claim arising from the death of Angeles's spouse gave rise to emotional distress damages. These statements are supported by a Mr. Wang's declaration submitted with the notice of removal. Mr. Wang has filed an additional declaration in connection with the instant motion, stating that on October 27, 2009 he spoke with Mr. Lilienstein about the instant motion to remand, and pointed out that the motion was inconsistent with Mr. Lilienstein's prior settlement demand of $100,000. Henry C. Wang Decl. ¶ 2. Mr. Wang requested that Angeles stipulate that he is seeking $75,000 or less in damages; Mr. Lilienstein declined to stipulate. *Id*.

A defendant who removes a state court action based upon diversity of citizenship has the burden of proving that the amount in controversy exceeds the jurisdictional minimum; however, the burden varies depending upon the circumstances. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id*. at 699 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996)). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . we apply a preponderance of the evidence standard." *Id*. (citing *Sanchez*, 102 F.3d at 404). In the context of the Class Action Fairness Act ("CAFA"), "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." *Id*. (citing *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994 (9th Cir. 2007)).

Angeles asserts that the latter "legal certainty" standard applies because the complaint alleges a specific amount in controversy that is less than the jurisdictional minimum. The question of whether that standard applies to non-CAFA cases is an open one. S*ee Guglielmino*,

1    506 F.3d at 699 n.3.  Even assuming its application to non-CAFA cases, the "legal certainty"
2    standard would not be appropriate in the instant case, because the complaint does not
3    affirmatively allege that the amount in controversy is less than the jurisdictional minimum.
4    While claim one does allege contract damages totaling $44,224.79 plus $17,697.92 in attorneys'
5    fees incurred in bringing this action,[2] claim two alleges an unspecified amount of damages for
6    emotional distress, and the prayer seeks punitive damages.  Because it is unclear from the face of
7    the complaint whether the total amount in controversy exceeds the jurisdictional minimum, the
8    preponderance of the evidence standard applies.  *See Guglielmino*, 506 F.3d at 697, 701 (when
9    the "complaint alleges damages less than the jurisdictional threshold for diversity cases but does
10   not specify a total amount in controversy," the preponderance of the evidence standard applies).

11         A plaintiff's reasonable settlement demand constitutes evidence sufficient to establish the
12   amount in controversy by a preponderance of the evidence.  *Cohn v. Petsmart, Inc.*, 281 F.3d
13   837, 840 (9th Cir. 2002) (holding that a letter from the plaintiff demanding $100,000 to settle the
14   dispute was sufficient to establish that the amount in controversy exceeded the jurisdictional
15   minimum).  Monumental presents evidence Mr. Lilienstein made a settlement demand in the
16   amount of $100,000 during a telephonic conversation with Mr. Wang on September 4, 2009.
17   However, that evidence is disputed.  Mr. Lilienstein submits his own declaration stating that
18   during the September 4, 2009 telephone call he stated expressly that the amount in controversy
19   was *less* than $75,000.  David Lilienstein Decl. ¶¶ 4-9.  Mr. Lilienstein submits his letter to Mr.
20   Wang dated September 11, 2009, accusing Mr. Wang of mischaracterizing the September 4
21   conversation in Monumental's notice of removal and stating that "Plaintiff is willing to settle this
22   action for the amount of his claim, $44,224.79; plus attorneys' fees, which are currently
23   estimated at $17,697.92; for a total of $61,922.70."  Mr. Wang responded by letter dated October
24   2, 2009, accusing Mr. Lilienstein of misstating the substance of the September 4 discussion and

---

26         [2] Angeles contends that the $17,697.92 in attorneys' fees should not be considered in
27   determining the amount in controversy for jurisdictional purposes.  It does not matter for
     purposes of analysis whether the $17,697.92 figure is considered because, even considering this
28   figure, the specific amount of damages alleged is less than the jurisdictional minimum of
     $75,000.

reiterating his position that Mr. Lilienstein made a $100,000 settlement demand on that date. Finally, Mr. Lilienstein submits Mr. Wang's email dated October 27, 2009, offering to settle the matter for $10,000.

At the hearing, the Court noted that the motion could be resolved if Angeles were to stipulate that he would not seek recovery in excess of the jurisdictional minimum, $75,000. Counsel for Angeles subsequently submitted a letter declining to so stipulate, stating that although recovery in excess of $75,000 is "speculative at best, the possibility exists that evidence may be developed that could change the posture of this litigation." Counsel stated that so long as *any* possibility existed for a recovery in excess of $75,000, it would not be in Angeles's interest to enter into the type of stipulation suggested by the Court.

The Court thus must determine whether Monumental has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino*, 506 F.3d at 697, 701. Monumental's evidence of a $100,000 settlement offer, if believed, might be sufficient to meet its burden.[3] However, as noted above, the evidence is in conflict. Each counsel accuses the other of misrepresenting the conversation in which the $100,000 settlement offer allegedly was made. The competing declarations of counsel present a classic "he said, he said" situation. Given the conflict in the evidence, the Court cannot say that Monumental has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Angeles's motion for remand will be granted.

**ORDER**

Plaintiff's motion to remand is GRANTED.

DATED: 5/21/2010

JEREMY FOGEL
United States District Judge

---

[3] Angeles argues that the purported settlement offer is irrelevant; however, a settlement offer "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn*, 281 F.3d at 840.

5

Case No. C 09-4119 JF
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
(JFLC2)